DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR, demandante y recurrido, *v.* MIGUEL A. QUIÑONES, querellado-recurrente y peticionario; JOSÉ BENJAMÍN RIVERA RIVERA, interventor.

*Número:* O-79-80      *Resuelto:* 2 de abril de 1979

*Carmelo Avila Medina,* abogado del peticionario; *Myrna S. Bonilla Acosta, Reynaldo Rodríguez Pagán, Eugenio Gil de Lamadrid, Lucía Ferreira de Morales, Matilde Acevedo Molinary, Lourdes López Soba* y *Angel M. Villamil Rodríguez,* abogados del recurrido; el interventor no compareció.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En mayo de 1964 el peticionario Miguel A. Quiñones adquirió por compra un edificio de concreto, de dos plantas radicado en el barrio Sabana Llana del municipio de San Juan, consistente en parte de locales comerciales ocupados por arrendatarios; entre éstos uno destinado a barbería cuyos muebles y equipos pertenecían al vendedor y le fueron transferidos por éste al comprador peticionario según disposición expresa del contrato de compraventa. En octubre de 1976 el barbero inquilino solicitó del Departamento de Asuntos del Consumidor la fijación de alquiler máximo al local por el que pagaba $120.00 mensuales según convenio desde agosto de 1972. La agencia desestimó la alegación declinatoria de su jurisdicción basada en tener dicho negocio todas las características de una empresa en marcha, y redujo el alquiler a $44.95 por mes. Al así decidir se fundó DACO en que "el casero . . . compró también el equipo existente en dicho local, pero no el negocio [*sic*] de barbería que se venía operando en el mismo."

El Tribunal Superior a su vez desestimó el recurso de revisión del casero citando de *Texaco P.R. Inc.* v. *Peñagarícano, Admor.,* 94 D.P.R. 49, 55 (1967), una aparente contradicción doctrinaria al efecto de que para excluir un "negocio en marcha" de la regulación arrendaticia es requisito esencial que hubiese estado "en operación por un *dueño* del mismo con anterioridad al arrendamiento que da lugar a la queja", encontrando el juez de instancia que todos los anteriores operadores de la antigua barbería eran inquilinos, y ninguno dueño del inmueble. (Énfasis nuestro.)

■ La naturaleza esencial que define una unidad arrendaticia como "negocio en marcha" está integrada por elementos objetivos como el tiempo durante el cual ha venido operando, persona a quien pertenecen los equipos, muebles e instrumentos necesarios para explotar el negocio y estado de actividad contemporánea o reciente del mismo, al tiempo de su transferencia. La posición de DACO afirmando que no hay "negocio en marcha" porque el peticionario sólo había comprado el local y los equipos, mas no el negocio, nos mueve a ponderar sobre qué negocio tiene para vender un barbero que no es dueño del local ni del mobiliario y equipos necesarios para su operación. Esta es la realidad contractual que inclinó a Castán Tobeñas y al Tribunal Supremo de España a separar la figura de negocio o industria de su previa explotación por el dueño arrendador, dictamen incorporado en *Texaco, ante*, en la siguiente forma:

"En España se halla excluido del ámbito de la Ley de Arrendamiento Urbano el arrendamiento de industria o negocio. Dice Castán: (Castán, *Tratado Práctico de Arrendamiento Urbano,* Tomo 1, pág. 212.)

'No es necesario, en cambio:

(a) Que la industria esté directamente explotada por el arrendador, lo que se opondría al concepto de industria que se desnaturalizaría en la primera cesión arrendaticia, con olvido de lo que en sí es objetivamente considerada (sentencia de 10 de mayo de 1955). De aquí que sea indiferente que el negocio viniera explotado por personas distintas del arrendador (sentencia de 20 de junio de 1955), aunque aquéllas lo explotaran en régimen de empresa (sentencia de 21 de noviembre de 1952), y, que el arrendador no hubiere ejercido formalmente el negocio, si estuvo a cargo de personas que obraron en su nombre o como arrendatarios de los titulares de la propiedad (sentencias de 27 de septiembre de 1949 y 13 de enero de 1953).' "

De lo contrario, estaríamos sancionando una indebida restricción del derecho del dominio, obligando a todos los sucesivos dueños de este inmueble arrendado que reclamen su

derecho a pactar libremente el canon de un local de barbería, a dedicarse también al respetable oficio de la tonsura.

El Departamento de Asuntos del Consumidor carece de facultad y jurisdicción para reglamentar el canon de alquiler de este local de barbería.

*Se expedirá el auto y las actuaciones administrativas y judiciales recurridas serán, anuladas.*

El Juez Presidente Señor Trías Monge no intervino. El Juez Asociado Señor Martín concurrió en el resultado.